Wanda **CHICKAWAY**, Plaintiff.

v.

**BANK ONE DAYTON, N.A., and Fictitious Defendants "A", "B" and "C", Defendants.**

**No. CIV. A. 4:00CV123LN.**

United States District Court, S.D. Mississippi, Eastern Division.

March 5, 2001.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL, Carl Bryant Rogers, Roth, Van Amberg, Rogers, Ortiz, Sante Fe, NM, Brian D. Dover, Jordan & Dover, Philadelphia, MS, for Plaintiff.

William H. Leech, Mark H. Tyson, McGlinchey Stafford Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of plaintiff Wanda Chickaway to remand this case to the Choctaw Tribal Court of the Mississippi Band of Choctaw Indians. Defendant Bank One Dayton, N.A., has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiff's motion should be denied.

Ms. Chickaway, an enrolled member of the Mississippi Band of Choctaw Indians, filed this lawsuit in Choctaw Tribal Court on April 12, 2000 seeking damages and injunctive relief based on allegations that she had been defrauded by Bank One in connection with her 1995 purchase of a home satellite system.[1] Bank One removed the case to this court on August 24, 2000, and five days later, on August 29, 2000, filed a separate complaint in this court under § 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4, seeking to compel

---

1. Plaintiff charged that she agreed to purchase the home satellite system from a door-to-door salesman based on his representations as to the cost and terms of financing, which turned out to be false and fraudulent. According to Ms. Chickaway, Bank One financed the transaction through a "bogus" credit card, and concealed and fraudulently failed to disclose material information regarding the credit transaction, including the nature of the credit, the number of payments, the amount of each payment, the amount financed, the total finance charge, the total of payments and the total sales price.

arbitration of Ms. Chickaway's claims, asserting that the claims advanced by her against Bank One in Tribal Court are subject to a valid and binding arbitration agreement which is a part of her credit card agreement with Bank One.

 In her motion, plaintiff submits that this case must be remanded because the removal statutes upon which Bank One relied for its removal of the case do not provide for or allow the removal of cases from tribal courts. In this vein, she argues, and in the court's opinion correctly so, that 28 U.S.C. § 1441, which provides only for removal from "state court", does not authorize removal from a tribal court.[2] *See Williams–Willis v. Carmel Financial Corp.*, No. 4:00CV171, slip op. at 2–6 (S.D.Miss. Feb. 20, 2001) (concluding that § 1441 does not permit removal from tribal court). She also argues, though, that while 28 U.S.C. § 1452(a), in contrast to § 1441, contains no such reference to "state court",[3] the court should nonetheless rule that § 1452 no more authorizes removal of actions pending in tribal courts than does § 1441. In the court's opinion, however, the broader reference in § 1452 to removal of "any claim or cause of action in a civil action"—as contrasted with § 1441's authorization of removal of "any civil action brought in a State court"—is not without purpose, for unlike removal based on diversity or federal question jurisdiction, federal jurisdiction under § 1334 and removal under § 1452 are based on the relationship of a civil action to a bankruptcy proceeding, which exists regardless of where the civil action may be pending. Other courts have reached this same conclusion. For example, the court in *In re Adams*, 133 B.R. 191, 194 (Bankr. W.D.Mich.1991), found that

> [Section] 1452 comprehends removal from any court pursuant to the constitutionally recognized goal of enacting and realizing uniform bankruptcy law and adjudication.... I hold, along with the Bankruptcy Court for the District of New Mexico, in *In re Sandmar Corporation*, 12 B.R. 910 (Bankr.D.N.M.1981), that the Bankruptcy Court is empowered to hear matters, despite the existence of a tribal court, that are within its jurisdiction, as provided for by Congress and the Constitution. The importance placed on uniform bankruptcy laws by the Constitution and by Congress leads me to believe that removal from a tribal court to a bankruptcy court is allowed under § 1452(a) despite the lack of specific reference to tribal courts.

*Cf. Quality Tooling, Inc. v. United States*, 47 F.3d 1569, 1572 (Fed.Cir.1995) (concluding that § 1452 was not limited to removal of actions from state court but allowed for removal from Court of Claims, and observing that unlike § 1441, "[Section] 1452 does not refer to actions commenced in state courts. It states simply that '[a] party may remove any claim or cause of action in a civil action' to a district court

2. That statute provides,

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. That statute provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court of the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

sitting in bankruptcy.'"). Moreover, the fact that § 1452 specifically excepts certain civil actions from its removal authorization, i.e., suits pending before the United States Tax Court and a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, but includes no similar exemption for suits pending in tribal court, lends further support to the conclusion that no such exception exists. In sum, then, the court concludes that the case was properly removed.

Plaintiff next submits that even if there is statutory authority for the removal, this court nevertheless has the authority and the duty to remand this case to the Choctaw Tribal Court via mandatory abstention under 28 U.S.C. § 1334(c)(2), or if not based on mandatory abstention, then under the discretionary abstention and equitable remand provisions found in 28 U.S.C. § 1334(c)(1) and § 1452(b), respectively.

■ Having considered the parties' arguments on these issues, the court concludes that this case is a "core" proceeding and that therefore, mandatory abstention does not apply. Abstention under § 1334(c)(2) is mandatory when all of the following conditions exist:

1. A motion has been timely filed requesting abstention.

2. The cause of action is essentially one that is premised on state law.

3. The proceeding is non-core or related to the bankruptcy case.

4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.

5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*In re McCray,* 209 B.R. 410, 414 (Bankr. N.D.Miss.1997).[4]

A nonexclusive list of core proceedings is found in 28 U.S.C. § 157(b)(2). *Matter of National Gypsum Co.,* 118 F.3d 1056, 1062 (5th Cir.1997). Bank One submits that this action qualifies as a core proceeding in accordance with one or more of three of these provisions, namely § 157(b)(2)(A) ("matters concerning the administration of the estate"), § 157(b)(2)(C) ("counterclaims by the estate against persons filing claims against the estate"), and § 157(b)(2)(O) ("other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims").

With respect to § 157(b)(2)(C), Judge William H. Barbour concluded in *Allen v. City Finance Co.,* 224 B.R. 347, 352 (S.D.Miss.1998), that because the plaintiffs there had filed their state court lawsuit against the defendant after it had filed proofs of claim in the bankruptcy cases of three of the plaintiff debtors, the case before him was a core proceeding under § 157(b)(2)(C). *Id.* He explained,

> Under § 157(b)(2)(C), "counterclaims by the estate against persons filing claims against the estate" are core proceedings. The Fifth Circuit has held that "a response to a proof of claim which is, in essence, a counterclaim, is a core proceeding under 28 U.S.C. § 157(b)(2)(O)." *In re Baudoin,* 981 F.2d 736, 741 (5th Cir.1993). In [*Wilson v. Merchants &*

---

4. Section 1334(b) confers on the federal district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising or related to cases under title 11." And § 157(b)(1) of Title 23, United States Code, gives bankruptcy judges the power to determine "all core proceedings arising under title 11, or arising in a case under title 11" and to enter appropriate judgments and orders.

*Farmers Bank,* 3:97CV598BN, Slip Opinion, March 13, 1998], this Court stated:

Three events must occur before a matter can be deemed a core proceeding under § 157(b)(2)(C). First, a person should be in bankruptcy. Second, a person or entity such as a creditor must file a claim against the estate. Third, in response to this proof of claim, the estate must file a claim against the person who filed the original proof of claim. *Wilson,* Slip Op. at 21. *See Baudoin,* 981 F.2d at 742 (where debtor filed for bankruptcy, then bank filed proof of claim against debtor, and then debtor filed lender liability suit against bank, lender liability suit was core proceeding because lender liability suit was brought in response to proof of claim).

In this case, Ferguson, Miles, and Edwards filed for bankruptcy. City Finance filed proofs of claims in all three of their cases. Then Ferguson, Miles, and Edwards, along with all of the other Plaintiffs, filed this action against City Finance regarding loans which were the subject of their proofs of claim. The claims asserted by Ferguson, Miles, and Edwards in this lawsuit were, in essence, counterclaims to the proofs of claims filed by City Finance in the bankruptcy estates. For this reason, the Court finds that, as of the time of removal, this case is a core proceeding under § 157(b)(2)(C).

*Id.*

Bank One submits that as in *Allen,* this case effectively constitutes a counterclaim within the contemplation of § 157(b)(2)(C). There is, however, a difference in this case which, in the court's view, makes § 157(b)(2)(C) inapplicable, and that is the fact that Bank One did not file a proof of claim in Ms. Chickaway's bankruptcy case, which was a "no asset" case.

In *Baudoin,* the Fifth Circuit held that the debtors' lender liability claim against a creditor lender would have been a core proceeding under § 157(b)(2)(C) in the Chapter 11 bankruptcy case of a corporate debtor in which the creditor bank had filed a proof of claim. *Id.* at 741. The court also held that the same lender liability claim would have been a "core proceeding" in the personal bankruptcy of the corporation's owners where the bank, although listed as a creditor in the debtors' Chapter 7 petition, had filed no proof of claim, *id.;* but the court found that it was a core proceeding not by reference to § 157(b)(2)(C), but by virtue of the "catch-all" provision of § 157(b)(2)(O), which covers "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor... relationship." *Id.; cf. In re Roddam,* 193 B.R. 971, 981 (Bankr.N.D.Ala.1996) (observing that in a "no asset" case, there really is no bankruptcy estate to divide and creditors are not required to file proofs of their claims, and opining that "[s]ince there is no bankruptcy estate, for all practical purposes," a creditor's unfiled "claim" cannot "properly be labeled a claim 'against the estate' for purposes of section 157(b)(2)(C)"'). Thus the fact that Bank One did not file a proof of claim would seem to foreclose its contention that this case is covered by § 157(b)(2)(C).

Nevertheless, Bank One argues, and this court agrees, that this case is a core proceeding by virtue of the "catch-all" provision of § 157(b)(2)(O) for this reason: Ms. Chickaway failed to schedule this lawsuit as an asset of her bankruptcy estate and yet by this lawsuit, she seeks rescission of the transaction by which she incurred the debt for which she sought and obtained discharge in bankruptcy (together, of course, with compensatory and punitive damages), and in the court's view, her

claim would thus likely "affect[ ] the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." § 157(b)(2)(O); *see Baudoin*, 981 F.2d at 742.[5]

▮ Of course, the conclusion that this is a core proceeding is ultimately not necessarily determinative of whether this case should be remanded, for from the conclusion that this is a core proceeding it follows only that mandatory abstention does not apply and the court is thus not *required* to abstain; the court still may find that it ought to abstain and remand the case pursuant to 28 U.S.C. § 1334(c)(1) "in the interest of justice, or in the interest of comity with state (or in this case, tribal) courts or respect for State (or in this case, tribal) law," [6] or that remand is appropriate pursuant to 28 U.S.C. § 1452(b), which provides for remand "on any equitable ground." *See In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir.1999) ("If ... the controversy lies 'at the core of the federal bankruptcy power,' ... the bankruptcy law permits but does not require abstention.") (citations omitted).

▮ Factors the court typically should consider when presented with questions of discretionary abstention and/or equitable remand include, *inter alia*,

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss.1993). Taking into account these factors, the court, in the circum-

---

**5.** The court would note that although the bankruptcy case is not currently open, Bank One has advised that it intends to move to reopen the bankruptcy and to refer this case to the bankruptcy court.

**6.** Section 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from

hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Ms. Chickaway argues, and the court will assume for the sake of argument, that if removal from tribal court is permissible, as the court has concluded, then the remand provisions should be read so as to allow for remand to tribal courts, even though the reference in § 1334(c)(1) is to "state" courts.

stances of this case, is not inclined to exercise its discretion to remand the case.

In support of her request for discretionary abstention or equitable remand, plaintiff relies solely on the "tribal abstention doctrine," which she urges weighs decidedly in favor of remand since this case arose from sales transactions which occurred on the Choctaw Indian Reservation. The court is unpersuaded.

"Comity" is obviously a factor that is typically relevant to a court's decision whether to abstain or remand for equitable reasons. And since this case was removed from a tribal court, Ms. Chickaway submits that the tribal exhaustion doctrine must be factored into the comity equation. Under the tribal exhaustion "when a colorable claim of tribal court jurisdiction has been asserted, a federal court may (and ordinarily should give the tribal court precedence and afford it a full and fair opportunity to determine the extent of its own jurisdiction over a particular claim or set of claims.") *Ninigret Dev. Corp. v. Narra-*

*gansett Indian Wetuomuck Housing Auth.,* 207 F.3d 21, 31 (1st Cir.2000). The doctrine, however, does not apply to cases involving matters as to which "Congress . . . expressed an unmistakable preference for a federal forum." *El Paso Natural Gas Co. v. Neztsosie,* 526 U.S. 473, 484–85, 119 S.Ct. 1430, 1437, 143 L.Ed.2d 635 (1999). Particularly in light of the court's conclusion that this is a core proceeding over which the bankruptcy court has sole and exclusive jurisdiction, 648–49, the court is not persuaded that the tribal exhaustion doctrine is applicable.[7]

Although the tribal exhaustion doctrine does not require the court to abstain in favor of the tribal court, the court nevertheless may take into account the comity considerations that are the foundation of the tribal exhaustion doctrine in deciding whether to remand the case. But even doing so, the court does not consider that deference to the tribal court, instead of the bankruptcy court, is warranted in the circumstances of this case—which is to say,

---

7. The court notes that in *In re Adams,* 133 B.R. 191 (Bankr.W.D.Mich.1991), the court, after noting that permissive abstention under § 1334(c) should be exercised "in the interest of justice, or in the interest of comity," stated,

> The Supreme Court has repeatedly recognized the importance of tribal self-government and the autonomy of tribal courts. *Iowa Insurance Co. v. LaPlante,* 480 U.S. 9, 14, 107 S.Ct. 971, 975, 94 L.Ed.2d 10 (1987). Justice Marshall, in *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), made clear the Court's position that each recognized tribe is autonomous and should be treated with the deference given to a sovereign entity. Tribes have the power and should be allowed to make their own substantive law and to enforce that law in their own forums. *Id.* at 55–56, 98 S.Ct. at 1675–76.
> . .
> Since this adversary proceeding is only related to the Debtor's Chapter 7 case and was before the Tribal Court for two years, it would be a proper exercise of deference to

allow the Tribal Court the opportunity to consider the Debtor's claims and to consider whether immunity, under tribal law, was or could be waived. Comity favors deferring to the Tribal Court's jurisdiction.

*Id.* at 197; *cf. Lower Brule Constr. Co. v. Sheesley's Plumbing & Heating Co., Inc.,* 84 B.R. 638, 641 (D.S.D.1988) (finding that tribal exhaustion does not apply to adversary proceedings in bankruptcy.)

In this case, the court need not decide definitively whether it would reach the same conclusion as to the inapplicability of the tribal exhaustion doctrine were this case merely "related to" the bankruptcy proceeding. The court would note, though, that in light of the circumstances of the case, as discussed *infra,* it likely would conclude that even if this were not a core proceeding, remand would not be required by virtue of the tribal exhaustion doctrine given that the tribal member, Ms. Chickaway, is not the real party in interest in the litigation and that she had previously invoked the jurisdiction of the bankruptcy court and secured discharge of the Bank One debt.

after considering the nature of this case, the arguable interest of the tribal court, the potential bankruptcy issues that must be addressed and resolved before the case may go forward, if at all, and the bankruptcy issues that will likely arise if the case does go forward, the court is convinced that remand is not warranted or advisable.

It is true that Ms. Chickaway is an enrolled member of the Mississippi Band of Choctaw Indians; and it is true that she complains in this action of activities in which Bank One engaged on the reservation. It is true, too, that in a number of other cases involving suits by members of the Choctaw Band of Indians against Bank One for the same or similar conduct on the reservation, this court has concluded that the tribal exhaustion doctrine has required that this court permit the tribal court to assess its own jurisdiction over the claims in the first instance. *See Bank One v. Brainard,* No. 4:00CV132LN (S.D.Miss. Feb. 20, 2001). It is also true, however, that prior to filing this lawsuit, Ms. Chickaway, unlike the plaintiffs in those other cases, had invoked the jurisdiction of the bankruptcy court by filing a Chapter 7 bankruptcy petition and, by virtue of the authority of the bankruptcy court, secured a discharge of her debt to Bank One which she incurred as a result of Bank One's alleged unlawful conduct on the reservation; she secured, as well, the discharge of her debts to other unsecured creditors. And she did this without apprizing the bankruptcy court of her cause of action against Bank One. Moreover, as Ms. Chickaway appears to acknowledge, this lawsuit is property of the bankruptcy estate, *see* 11 U.S.C. § 541(a)(1), and thus at this time, Ms. Chickaway has no right to proceed on her cause of action in tribal court or any other forum and instead, the claim "may only be prosecuted by the trustee of the bankruptcy estate, [who is] the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure." *Lawrence v. Jackson Mack Sales, Inc.,* 837 F.Supp. 771, 779 (S.D.Miss.1992); *id.* at 779 n. 11 (claims which were not scheduled could not have been abandoned by bankruptcy trustee). Furthermore, even if the trustee, upon notification of Ms. Chickaway's claim, were to abandon the claims, there would remain the question of whether Ms. Chickaway's failure to include her claims against Bank One in her bankruptcy schedules, as required by various provisions of the bankruptcy code,[8] would judicially estop her from pursuing her claims against Bank One. *See Smith–Lyon v. Trustmark Nat'l Bank (In re Gunsmith's, Inc.),* No. 3:99CV801WS (S.D.Miss. March 29, 2000) ("A debtor in bankruptcy must disclose any litigation likely to arise in a non-bankruptcy context, and failure to do so will trigger application of the doctrine of equitable estoppel [which] operates against a subsequent attempt to prosecute the litigation in any non-bankruptcy context" and application of the doctrine of judicial estoppel, which is designed " 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.' ").

For the foregoing reasons, the court declines plaintiff's request for discretionary abstention and/or equitable remand. And,

---

8. *See* 11 U.S.C. § 521 (setting forth debtor's duties, including duty to "file a ... schedule of assets and liabilities"); 11 U.S.C. § 521(1) (requiring that disclosure contain "adequate information"); 11 U.S.C. § 1125(a) (defining "adequate information" as "information of a kind, and in sufficient detail ... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan"),

since the court has concluded that it will not remand the case, and since this case is clearly related to the companion suit to compel arbitration filed in this court by Bank One, No. 4:00CV136, the court will consolidate that case with this one. The court will, however, stay consideration of Bank One's motion to compel arbitration pending Bank One's filing its proposed motion to reopen before the bankruptcy court, following which the court may refer the case to the bankruptcy court.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied.