Cynthia JENKINS, Plaintiff,

v.

WRIGHT AND FERGUSON FUNERAL HOME, Parkway Memorial Cemetery Corporation, Baldwin–Lee Funeral Homes, Inc., and Alderwoods (Mississippi), Inc., Defendants.

Civ.A. No. 3:02CV1613BN.

United States District Court, S.D. Mississippi, Jackson Division.

May 29, 2003.

Lisa B. Milner, Jay Max Kilpatrick, Young, Williams, Henderson & Fuselier, Jackson, MS, for plaintiff.

Walter J. Brand, Amy Camille Felder, Watkins & Eager, Jackson, MS, for defendants.

## *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendants (hereinafter collectively referenced as "Wright & Ferguson") to Dismiss for Lack of Standing and Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[1] Having considered the Motion, the Response, the Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

---

1. Both the Defendants and the Plaintiff attached evidence outside of the pleadings to the Motion and Response, respectively. Therefore, the Motion must be considered under the standards of a Rule 56 motion for summary judgment. Fed. R.Civ.P. 12(c) (stating that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 444 n. 1 (5th Cir.1998) (citing Fed.R.Civ.P. 12(c)).

## I. Factual Background and Procedural History [2]

This cause of action arises out of alleged sexual discrimination by Wright & Ferguson in the employment process. Plaintiff Jenkins worked for Defendant Wright & Ferguson from January 2001, through July 2002.[3] Jenkins alleges that she was not compensated in parity with similarly situated male employees at Wright & Ferguson. She initially pursued her grievance by filing of a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). On July 10, 2002, the EEOC rendered a Determination that stated:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Charging Party was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was demoted and paid less than similarly situated male employees.

On October 7, 2002, the EEOC issued Jenkins a Notice of Right to Sue, which allowed her to file a discrimination lawsuit within ninety days of receipt of the Notice. Jenkins timely filed the subject suit with this Court on October 23, 2002. She filed her First Amended Complaint on November 13, 2002. The claims alleged in the First Amended Complaint are:

Count 1: Sex discrimination in violation of Title VII of the Civil Rights Act of 1964;

Count 2: Violation of the Equal Pay Act;

Count 3: Breach of contract;

Count 4: Intentional interference with business relations;

Count 5: Intentional/negligent infliction of emotional distress; and

Count 6: Fraudulent misrepresentation.

Jenkins seeks compensatory damages totaling $3,000,000, and $5,000,000 of punitive damages.

After Jenkins filed the subject suit, she filed a Voluntary Petition in Bankruptcy under Chapter 7. The Petition was filed on December 23, 2002, in the United States Bankruptcy Court for the Southern District of Mississippi, and was assigned Case No. 02–07403 JEE. Jenkins initially failed to disclose the existence of this cause of action to the Bankruptcy Court, as required by 11 U.S.C. § 521. After the subject Motion was filed by Wright & Ferguson, Jenkins had Eileen Shaffer, the Bankruptcy Trustee for the subject bankruptcy estate, execute a Ratification Agreement. In the Ratification Agreement, Shaffer states that she "hereby ratifies the commencement of the action filed by Cynthia Jenkins herein and agrees to be bound by any judgment entered or settlement obtained by the Plaintiff. . . ." Shaffer also states in the Ratification Agreement that "she will not seek additional recovery from [the named Defendants] arising out of events or claims made herein in any other lawsuit or any other judicial, arbitration or administrative proceeding."

Wright & Ferguson filed the subject Motion on March 18, 2003. In the Motion, Wright & Ferguson argues that the Bankruptcy Trustee, Shaffer, is the only real party in interest with regard to Jenkins' claims. Therefore, Wright & Ferguson concludes that the suit must be dismissed because Jenkins lacks standing to pursue the claims. The Motion is now ripe for consideration by the Court.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry

---

**2.** The facts stated in this section of the Opinion were generated from several pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their truthfulness or accuracy.

**3.** Wright & Ferguson and the remaining Defendants merged with one-another on or about January 3, 2002.

of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also, Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### III. Analysis

■ Rule 17(a) of the Federal Rules of Civil Procedure governs the determination of a party's standing to bring suit as the real party in interest. *Wieburg v. GTE Southwest, Inc.,* 272 F.3d 302, 305–06 (5th Cir. 2001). Rule 17(a) states in part that "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest is the person or entity who holds the substantive right to the claim. *Wieburg,* 272 F.3d at 306 (citation omitted). The purpose of Rule 17(a) "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Id.* (citation omitted).

■ In the subject case, all of Jenkins' gender discrimination claims and the majority of her state law claims accrued prior to the filing of her petition in bankruptcy. A cause of action which arises before the filing of a petition in bankruptcy is the property of the bankruptcy estate. *Wieburg,* 272 F.3d at 306; *Wischan v. Adler,* 77 F.3d 875, 877 (5th Cir.1996) (citation omitted). Under such circumstances, "the Trustee is the real party in interest with *exclusive* standing to assert [the claims]." *Wieburg,* 272 F.3d at 306 (emphasis added) (citations omitted). Therein lies the issue in the case *sub judice.* Jenkins brought this case in her name, but the bankruptcy Trustee, Shaffer, was the real party in interest with exclusive standing to assert the claims.

■ Wright & Ferguson contend that this case must be dismissed because it was not brought in the name of Shaffer, the only real party in interest. The Court disagrees. The last sentence of Rule 17(a) states:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

This provision of Rule 17(a) "provides that formal joinder or substitution of the real party in interest will not be necessary when [the real party in interest] ratifies commencement of the action." *Big John, B.V. v. Indian Head Grain Co.,* 718 F.2d 143, 147

(5th Cir.1983) (citation omitted). "[P]roper ratification requires [the] ratifying party to authorize continuation of [the] action and agree to be bound by the result." *Wieburg,* 272 F.3d at 307 (citing *Naghiu v. Inter-Continental Hotels Group, Inc.,* 165 F.R.D. 413, 421 (D.Del.1996)).

■ The subject Ratification Agreement, which is quoted in part above in section I of this Opinion and Order, fulfills both of the requirements for valid ratification. Shaffer authorized continuation of the subject action in the name of Jenkins, and Shaffer agreed to be bound by the results of this case. The Ratification Agreement also satisfies the purpose of Rule 17(a), as contemplated by the *Wieburg* court. That is, Wright and Ferguson is assured that the judgment in this case will be final and that res judicata will protect it from having to defend against Jenkins' claims in separate causes of action. The Court therefore finds that the subject Ratification Agreement was a valid transfer to Jenkins of the right to prosecute this cause of action in her own name.

■ Given that the Ratification Agreement was a valid transfer to Jenkins of the right to proceed in this case, the Court must next consider whether Jenkins should be barred from proceeding on any other grounds. Citing *Wieburg,* Wright & Ferguson contends that the last sentence of rule 17(a), which allows for ratification by the real party in interest, is limited in scope. It argues that the ratification provision "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Wieburg,* 272 F.3d at 308 (quoting Fed.R.Civ.P. 17(a) Advisory Committee Notes, 1966 Amendment). This Court agrees that many courts who have considered the issue are in accord with the principles set forth in the Advisory Committee Notes to Rule 17(a).[4] *See, Wieburg,* 272 F.3d at 308. However, this Court must also consider the impact of dismissal of this case on

Jenkins' creditors. *Id.* at 308–09. Under the wording of the subject Ratification Agreement, it is apparent to the Court that even though the case will be prosecuted in Jenkins' name, her bankruptcy estate will be the first beneficiary from the proceeds of the case, if any. For this additional reason, the Court finds that the Ratification Agreement should be enforced, and that Jenkins should be allowed to prosecute this case in her name.

■ Finally, Wright & Ferguson argues that Jenkins should be estopped from prosecuting the case in her own name. In support of its position, Wright & Ferguson cites this court's holding in *Chickaway v. Bank One Dayton, N.A.,* 261 B.R. 646 (S.D.Miss.2001) (Lee, C.J.). In *Chickaway,* the plaintiff in a civil fraud case had filed a petition in Bankruptcy under Chapter 7, and secured a discharge of her debts. The fraud claims accrued prior to the filing of her bankruptcy petition. The plaintiff failed to state the fraud claim as an asset on her bankruptcy schedules. At the time that she filed the fraud case in her own name, the bankruptcy estate had been closed, and her bankruptcy case had been dismissed. Under these circumstances, the Court found that judicial and/or equitable estoppel may be applied to preclude a bankrupt from prosecuting a pre-petition cause of action in her own name. *Id.* at 653; *see also, In re Gunsmith's, Inc.,* 271 B.R. 487 (S.D.Miss.2000) (Wingate, J.) (reaching a similar conclusion under similar facts).

The subject case is distinguishable from both *Chickaway* and *Gunsmith's* in that Jenkins' bankruptcy estate has not been closed, and even though she will be prosecuting the case in her own name, the bankruptcy estate will be the first beneficiary of the proceeds of this case, if any. For this final reason, the Court finds that Jenkins should be allowed to prosecute this cause of action in her own name, with the requirement that the pro-

---

**4.** The Court is reluctant to rely on the quoted Advisory Committee Note to Rule 17(a) because it is in apparent conflict with the Rule itself. Rule 17(a) clearly allows one who is not a real party in interest to prosecute a case upon ratification by the real party in interest. Contrary to the Advisory Committee Note, the language of Rule 17(a) does not state or even imply that the real party in interest must have been difficult to determine or that an understandable mistake had been made.

ceeds of this case, if any, will first inure to the benefit of her bankruptcy estate.

### IV. Conclusion

Based on the analysis presented above:

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss [13–1], which is construed herewith as a Motion for Summary Judgment, is hereby denied.

IT IS FURTHER ORDERED that Plaintiff Cynthia Jenkins is hereby allowed to prosecute this cause of action in her own name, with the requirement that the proceeds of this case, if any, will first inure to the benefit of her bankruptcy estate.